UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00193-JPH-DLP |
| | ) | |
| RICK P. COLEY, | ) | -07 |
| DAVID K. DUGGAR, | ) | -11 |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO SEVER**

Defendants Rick Coley and David Duggar are charged with conspiracy to distribute controlled substances, other drug-related crimes, and possession of a firearm by a convicted felon; Mr. Coley is also charged with receipt of a firearm by a person under indictment. They have moved to sever the firearm counts for trial. Dkt. [742]; dkt. [744]. For the reasons below, those motions are **DENIED**.

**I.**
**Facts and Background**

In this case, the government has charged twenty defendants with conspiracy to distribute controlled substances. Dkt. 540 (superseding indictment). The most recent indictment is against six of those defendants, four of which remain set for trial, including Mr. Coley and Mr. Duggar. *See* dkt. 762 (second superseding indictment). Mr. Coley is charged with conspiracy to distribute controlled substances (Count 1), possession of fentanyl with intent to distribute (Count 7), possession of a firearm by a convicted felon

1

(Count 11), and receipt of a firearm by a person under indictment (Count 12). *Id.* Mr. Duggar is charged with conspiracy to distribute controlled substances (Count 1), distribution of methamphetamine (Count 6), and possession of a firearm by a convicted felon (Count 10). *Id.*

The parties' proffered facts are undisputed for this motion. On July 7, 2021, Jason Betts and other defendants, including Mr. Coley and Mr. Duggar, were indicted for conspiracy to distribute controlled substances. Dkt. 743 at 1; *see* dkt. 1. Mr. Coley and Mr. Duggar were each arrested on July 14, 2021— Mr. Coley at a house in Indianapolis, and Mr. Duggar at an Indianapolis motel. Dkt. 743 at 1–2. In connection with Mr. Coley's arrest, law enforcement seized from the house methamphetamine, fentanyl, lactose, a blender, $587 in currency, and a firearm. *See* dkt. 852 at 1; dkt. 826 at 2. In connection with Mr. Duggar's arrest, law enforcement seized from the motel room methamphetamine, digital scales, and a black suitcase containing two firearms. *See* dkt. 852 at 1; dkt. 826 at 2.

The second superseding indictment alleges that the conspiracy ran from "approximately February 2019 through July 14, 2021." Dkt. 762 at 1.[1] Mr. Coley and Mr. Duggar are also alleged to have possessed and/or distributed controlled substances in May 2021, and to have possessed firearms "[o]n or about July 14, 2021." *Id.* at 1–12. Mr. Coley and Mr. Duggar seek to sever the firearm counts from the remaining counts. Dkt. 742.

---

[1] While the motion to sever was filed before the second superseding indictment, only the count numbers have changed.

## II.
## Analysis

A motion to sever counts charged together in a single indictment "necessarily contains two distinct issues." *United States v. Berg*, 714 F.3d 490, 494 (7th Cir. 2013). "The first is joinder—whether the two sets of charges ha[ve] enough in common to be tried in the same case. The second is severance—whether, despite being properly joined, the two sets of charges should have been tried separately to avoid undue prejudice." *Id.*

### A. Joinder

Joinder of offenses is governed by Federal Rule of Criminal Procedure 8(a). An indictment may charge a defendant with multiple offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) is interpreted broadly and allows "liberal joinder in order to enhance judicial efficiency." *Berg*, 714 F.3d at 494 (quoting *United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003)). "Further, in assessing whether joinder was proper, [the Court] look[s] solely to the face of the indictment," comparing "the offenses charged for categorical, not evidentiary, similarities." *Id.* at 495.

Mr. Coley and Mr. Duggar argue that joinder was improper because "the drug offenses and firearm offenses are not connected and have no overlapping evidence." Dkt. 743 at 6. The government responds that joinder is appropriate

because "possession of firearms and drug trafficking are closely related."  Dkt. 826 at 3.

The second superseding indictment alleges that the firearms were seized on July 14, 2021—the day the conspiracy ended.  *See* dkt. 762.  That's enough to support joinder, since "drug trafficking and firearm counts are presumptively properly joined because possession of firearms and drug trafficking are closely related."  *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000).  Indeed, in the case that Mr. Coley and Mr. Duggar rely on, the court found that joinder was improper because the firearms at issue were seized "more than seventeen months" after the charged narcotics transaction, leaving no way to "permissibly infer a connection between the two criminal acts."  *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995).  Here, by contrast, the firearms were seized on the last day of the alleged conspiracy and within three months of the other drug-trafficking charges against Mr. Coley and Mr. Duggar.  *See* dkt. 762.

The offenses were therefore properly joined.  *See Stokes*, 211 F.3d at 1042.

### B.  Severance

Even if offenses are properly joined in a single indictment, "the court may order separate trials of counts" if joinder "appears to prejudice a defendant."  Federal Rule of Criminal Procedure 14(a).  District courts must balance "the cost of multiple trials against the possible prejudice inherent in a single trial."  *United States v. Calabrese,* 572 F.3d 362, 368 (7th Cir. 2009).  The Rule 14 standard is "exacting"—a defendant "must be able to show that the denial of

severance cause[s] him actual prejudice in that it prevent[s] him from receiving a fair trial." *United States v. Carter*, 695 F.3d 690, 700-01 (7th Cir. 2012).

Mr. Coley and Mr. Duggar argue that severance is required because they are the only two defendants going to trial who are charged with firearm offenses and because there is "no evidence in common" to the drug and the firearm offenses. Dkt. 743 at 2–3. The government responds that severance is unnecessary because of a "clear connection between the drug conspiracy and the firearms possession." Dkt. 826 at 5.

Here, the government has proffered a connection between the firearm and drug evidence showing a strong likelihood of overlapping evidence. Because "guns are tools of the drug trade," they are "relevant evidence in a drug case." *United States v. Price*, 418 F.3d 771, 779 (7th Cir. 2005); *United States v. Edelman*, 844 Fed. App'x 900, 903 (7th Cir. 2021). That's especially true here, when the proffered evidence is that the guns were found with drugs and materials used for drug trafficking. Similarly, the drugs found on the day of the search would likely be admissible under Rule 404(b) in a separate trial on the firearm charges. *See United States v. Pulliam*, 973 F.3d 775, 786 (7th Cir. 2020); *United States v. Schmitt*, 770 F.3d 524, 534–35 (7th Cir. 2014) ("[T]he government was asking the jury to use the evidence to find that Schmitt had a gun *because* he was a drug dealer' or in other words, that the gun was intended to further his drug dealing activities. That is a proper inference for the jury to draw from other-acts evidence.").

*United States v. Carnes*, 309 F.3d 950 (6th Cir. 2002)[2], does not support Mr. Coley's and Mr. Duggar's argument that the firearm possession charges should be severed. *See* dkt. 852 at 9. *Carnes* involved charges of felon-in-possession of a firearm, felon-in-possession of ammunition, witness tampering, and illegally intercepting phone calls. *See Carnes*, 309 F.3d at 953. The court had "no doubt" that the witness tampering and firearm and ammunition charges were intertwined—the evidence showed that the defendant attempted to get the witness to claim ownership of the gun—and thus properly joined. *Id.* at 957–58. But the court held that the illegal-interception charge was improperly joined because illegally recording the calls was not conduct of a similar character to facts underlying the other counts or part of a common plan. *Id.* The only connection between the illegal recording and the other charges was that the tapes were seized in the same search when the police found the gun and ammunition. *See id.* This alone, the court held, was not enough to support joinder. *Id.* at 958.

Here, the connection between Mr. Coley's and Mr. Duggar's firearm and drug charges is greater than evidence of both being found in the same search for the reasons explained above—the firearms were possessed during the alleged conspiracy, firearms are tools of the drug trafficking trade, and the charges rely on overlapping evidence. *Carnes* therefore does not support severance. For similar reasons, the other out-of-circuit cases that Mr. Coley

---

[2] Mr. Coley and Mr, Duggar incorrectly cite *Carnes* as being decided by the Seventh Circuit. *See* dkt. 743 at 8; dkt. 852 at 9.

and Mr. Duggar cite do not counsel in favor of severance either.  *See United States v. Jones*, 16 F.3d 487, 492 (2d Cir. 1994) (holding that felon-in-possession and bank robbery counts should've been severed because "the government added the [firearm] count solely to buttress its case on the other counts"); *United States v. Dockery*, 955 F.2d 50, 54–56 (D.C. Cir. 1992) (holding that charges should've been severed after the parties and district court failed to use "adequate precautions" such as stipulations and limiting instructions at trial); *United States v. Lewis*, 787 F.2d 1318, 1321–23 (9th Cir. 1986).

Mr. Coley and Mr. Duggar therefore have not shown prejudice requiring severance.  *United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007) (finding no significant prejudice when "the offenses were sufficiently intertwined so that the evidence of each offense would have been admissible in a separate trial for the other offense"); *United States v. Windom*, 19 F.3d 1190, 1198 (7th Cir. 1994) ("[P]rejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining counts.").

Nor have Mr. Coley and Mr. Duggar shown that the admission of evidence relating to their prior felony convictions would cause them actual prejudice that would prevent them from receiving a fair trial.  *See Stokes*, 211 F.3d at 1042–43; *Carter*, 695 F.3d at 700-01.  Mr. Duggar has stipulated that he had—and that he knew he had—a prior felony conviction at the time he is alleged to have possessed the firearm.  Dkt. 897.  If Mr. Coley were to agree to a similar stipulation, he would also limit the amount of information the jury learns about his prior conviction.  But with or without a stipulation, to further

mitigate potential prejudice, Mr. Coley and Mr. Duggar may request—and the Court would give—limiting instructions informing the jury that it may consider "criminal history for the sole and limited purpose of the felon in possession of a firearm count." *Stokes*, 211 F.3d at 1043.  Mr. Coley is also charged with Receipt of a Firearm by a Person under Indictment, dkt. 762 at 13, and the Court can similarly instruct the jury to consider the state-court proceedings only for that count.  Those instructions "provide an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence." *United States v. Peterson*, 823 F.3d 1113, 1124 (7th Cir. 2016); *see United States v. Berg*, 714 F.3d 490, 496 (7th Cir. 2013).

Mr. Coley and Mr. Duggar also argue that they would be prejudiced because they are the only defendants charged with firearm offenses.  Dkt. 743 at 2–3.  But they don't explain why that would prejudice them, or why a jury may be unable to follow the instruction that it must consider each charge *and* each defendant separately.  *See* The William J. Bauer Pattern Criminal Jury Instructions at 73–74 (Instructions 4.06, 4.07) (2020 ed.); *Peterson*, 823 F.3d at 1124 (recognizing "the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately").

In short, prejudice resulting from the firearm charges and corresponding evidence can be substantially mitigated and the remaining potential prejudice does not outweigh the cost of multiple trials. Mr. Coley and Mr. Duggar have not shown that they are "unable to obtain a fair trial without severance."

*Peterson*, 823 F.3d at 1124; *see United States v. Rice*, 520 F.3d 811, 817 (7th Cir. 2008).

## IV.
## Conclusion

Mr. Coley's and Mr. Duggar's motions to sever are **DENIED**.  Dkt. [742]; dkt. [744].

**SO ORDERED.**

Date: 8/17/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Gregory P. Bowes
GREG BOWES LEGAL SERVICES, P.C.
greg@gregbowes.pro

Denise L. Turner
DTURNER LEGAL LLC
denise@dturnerlegal.com