UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cr-00193-JPH-MJD ) |
| RICK P. COLEY, | ) -07 |
| DAVID K. DUGGAR, | ) -11 ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS FOR JUDGMENT OF ACQUITTAL**

Defendants—Rick Coley and David Duggar—were found guilty of drug and firearm charges after a multi-day trial. At the end of the government's case-in-chief and again after the jury verdict, each defendant moved for judgment of acquittal. The Court took the matter under advisement. For the reasons below, Mr. Coley's and Mr. Duggar's motions are **DENIED**. Dkts. [1145], [1147]. However, because Mr. Coley's two firearm charges were based on the same conduct, his conviction on Count 12 must be **vacated** and **merged** with his conviction on Count 11.

**I.
Facts and Background**

In April 2022, the United States filed a second superseding indictment in this case, charging Mr. Coley and Mr. Duggar (along with other defendants who did not proceed to trial) with drug and firearm offenses. Dkt. 762. Mr. Coley was charged with:

1

- Count 1: Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846;
- Count 7: Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1);
- Count 11: Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); and
- Count 12: Receipt of a Firearm by a Person Under Indictment, in violation of 18 U.S.C. § 922(n).

And Mr. Duggar was charged with:

- Count 1: Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846;
- Count 6: Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); and
- Count 10: Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).

*Id.*

Following a trial, the jury found Mr. Coley and Mr. Duggar guilty of all charges. Dkt. 1152. Mr. Coley and Mr. Duggar each moved for judgment of acquittal on all counts after the government rested its case-in-chief and again after the jury returned its verdict. Dkts. 1145, 1147.

## II.
## Applicable Law

Under Rule 29 of the Federal Rules of Criminal Procedure, a court, on a defendant's motion, must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. "A jury verdict will only be overturned 'if, after viewing the facts in the light most favorable to the government, there was insufficient evidence to convict.'" *United States v. Perryman*, 20 F.4th 1127, 1133 (7th Cir. 2021).

When challenging the sufficiency of the evidence, the defendant "bears a heavy, indeed, nearly insurmountable, burden," as he must convince the court that even "after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010). "At the same time, the height of the hurdle depends directly on the strength of the government's evidence, and a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Moreno*, 922 F.3d 787, 793 (7th Cir. 2019).

### III.
### Analysis

Mr. Coley and Mr. Duggar each moved for judgment of acquittal on all charges. Dkts. 1145, 1147. The government maintains that the evidence was sufficient for the jury to return a finding of guilt on each count against each Defendant. Dkt. 1184; dkt. 1248 at 262:5–266:4.

### A. Rick Coley

#### 1. Count 1: Conspiracy

Mr. Coley argues the government failed to establish anything more than a buyer-seller relationship between he and Jason Betts, the head of the drug trafficking operation. Dkt. 1146 at 7–11. But the government introduced an abundance of text messages and phone calls between Mr. Coley and Mr. Betts, showing the repeated fronting of distribution-level quantities of fentanyl to Mr. Coley. *See, e.g.*, dkt. 1246 at 24:12–17, 27:1–4, 47:2–11. That alone is

sufficient to support a jury's guilty verdict in a conspiracy case. *United States v. Stott*, 245 F.3d 890, 903 (7th Cir. 2001); *United States v. Castro-Aguirre*, 983 F.3d 927, 940 (7th Cir. 2020) ("The jury was entitled to conclude that the . . . testimony and the physical evidence . . . were enough to prove fronting, which in turn can be used to prove a conspiracy.").

### 2. Count 7: Possession of Fentanyl with Intent to Distribute

At trial, Jason Betts testified that on or about May 22, 2021, he delivered 400 grams of fentanyl to Mr. Coley at a motel room. Dkt. 1246 at 134:4–9; Ex. 247. He further testified that Mr. Coley did not pay him for the fentanyl at the time he delivered it to him because Mr. Betts was fronting it to him. *See* dkt. 1246 at 134:17–135:9. Based on this and other evidence, the jury found Mr. Coley guilty of possessing 40 or more grams of fentanyl with intent to distribute. Dkt. 1152 at 8. Mr. Coley argues that, since the government's case on Count 7 relied on Mr. Betts's "inherently biased" and not "credible" testimony, the evidence was insufficient to prove Mr. Coley's guilt. Dkt. 1146 at 11–14. But "[a] finder of fact is entitled to believe the testimony of even the most dishonest of witnesses," *United States v. Conley*, 875 F.3d 391, 400 (7th Cir. 2017), so the Court will not second-guess the jury's credibility determination here.

### 3. Counts 11 and 12: Possession and Receipt of a Firearm by a Convicted Felon and Person Under Indictment

Count 11 charged Mr. Coley with the unlawful possession of a firearm by a convicted felon, while Count 12 charged Mr. Coley with unlawful receipt of a firearm by a person under indictment. Dkt. 762 at 12–13. Both counts allege

4

that Mr. Coley possessed or received a Remington 870 Express Magnum shotgun with serial number AB193019M on July 14, 2021. *Id.* The evidence at trial established that the Remington shotgun was found in plain view in one of the bedrooms of the residence located at 1837 Dequincy Street, Indianapolis, Indiana, where Mr. Coley was arrested on July 14, 2021. Dkt. 1246 at 164:4–165:4. Mr. Coley argues there was insufficient evidence for the jury to find he knowingly possessed a firearm. *See* dkt. 1146 at 14. The government responds that the evidence of Mr. Coley's connection to the bedroom where the Remington shotgun was found is sufficient to support a finding of constructive possession and that receipt of a firearm can be inferred from evidence of constructive possession. Dkt. 1184 at 2; dkt. 1248 at 262:22–25.

    Both possession and receipt of a firearm can be proven through constructive possession. *See United States v. Morris*, 576 F.3d 661, 666 (7th Cir. 2009); *United States v. Martin*, 732 F.2d 591, 592 (7th Cir. 1984). "Constructive possession is a legal fiction whereby an individual is deemed to 'possess' contraband items even when he does not actually have immediate, physical control of the objects." *Morris*, 576 F.3d at 666. Mere proximity to a firearm is not enough to show constructive possession; instead, there must be a "substantial connection" that links the defendant to the contraband. *United States v. Griffin*, 684 F.3d 691, 696–97 (7th Cir. 2012). This "substantial connection" is present, for example, if the gun is found in the defendant's bedroom next to his belongings. *See, e.g.*, *United States v. Kitchen*, 57 F.3d 516, 519–20 (7th Cir. 1995); *United States v. Thomas*, 321 F.3d 627, 636 (7th

Cir. 2003) (noting that constructive possession may be found when "weapons were found in areas over which the defendant exercised control, such as a bedroom").

Here, on July 14, 2021, law enforcement executed an arrest warrant for Mr. Coley. Dkt. 1246 at 164:24–165:5. Mr. Coley was arrested, then he asked police to retrieve his clothing from his room. *Id.* at 170:6–13, 189:23–25 (Mr. Coley telling police it was his room). In his room, police saw a shotgun in plain view, propped inside the door, with a shell in the magazine. *Id.* at 171:1–17; Exs. 819–21. In addition to the clothes Mr. Coley was seeking, this bedroom also contained indicia of drug trafficking—including cutting agents and a digital scale with methamphetamine residue. Dkt. 1246 at 170:6–171:17, 173:14–174:16, 186:16–18, 188:6–25.

Said another way, the weapon here was found in a place that Mr. Coley controls—his bedroom—and was amongst his belongings. That's enough of a "substantial connection" for a reasonable jury to find that the Mr. Coley constructively possessed the shotgun. *Kitchen*, 57 F.3d at 519–20 (finding constructive possession when firearm found in bedroom that also contained defendant's bills, jewelry, and clothing); *Thomas*, 321 F.3d at 636 (finding no constructive possession when gun found in area defendant did not control— under apartment building's entrance stairs, a public area).[1] Since receipt also

---

[1] In responding to this motion, the government also argued that Mr. Coley had the motive to possess this gun. In particular, it points to testimony and text messages indicating that, after Mr. Coley was "ripped off" in a drug deal, he was told to have a "pole"—or firearm—with him for protection. Dkt. 1246 at 99:1–100:15; Ex. 867. Mr. Coley claims that using this text message for this purpose violates Fed. R. Evid.

6

can be proven though constructive possession, *see Martin*, 732 F.2d at 592, the government presented sufficient evidence to convict Mr. Coley on Counts 11 and 12.

But there's a problem.  A single incident of firearm possession can yield only one conviction under 18 U.S.C. § 922.  *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007); *United States v. Moses*, 513 F.3d 727, 732–33 (7th Cir. 2008) (noting that "'simultaneous and undifferentiated' violations of 18 U.S.C. § 922 may not" "be prosecuted separately"); *United States v. Bloch*, 718 F.3d 638, 643–44 (7th Cir. 2013) (finding convictions under statutes barring firearm possession by (1) felons and (2) domestic violence misdemeanants must be merged).[2]  This is the case even when a defendant is charged with both possession and receipt of a firearm: When a single act establishes both possession and receipt, a defendant cannot be convicted for both possession and receipt.  *Ball v. United States*, 470 U.S. 856, 862 (1985).  Indeed, the only Seventh Circuit case the government cites in support of its argument that receipt can be proved by possession, *Martin*, 732 F.2d at 592–93, also held that

---

404(b), because it is being used to show Mr. Coley acted in propensity with a prior bad act.  Dkt. 1146 at 18.  First, this objection was not made at trial.  Second, even without the testimony and text messages, there is sufficient evidence of Mr. Coley's connection to the shotgun to find he constructively possessed it.  *See, e.g., Kitchen*, 57 F.3d at 519–20.  Therefore, the Court need not address any potential Rule 404(b) issue.

[2] This issue was not squarely raised by the parties, but the Seventh Circuit has held it is plain error to allow a Defendant to be sentenced under impermissibly multiplicitous convictions.  *See United States v. Parker*, 508 F.3d 434, 439–41 (7th Cir. 2007).  Thus, the Court must address it.  *See, e.g., United States v. Tinsley*, 62 F.4th 376, 384 (7th Cir. 2023) (noting that, under plain-error review, appellate courts will reverse even when defendant did not raise argument).

7

one of the defendant's convictions—either possession or receipt of a firearm—must be vacated on this basis.

That's the case here. "The proper remedy . . . is merger; one conviction must be vacated and merged into the other." *Bloch,* 718 F.3d at 644. Therefore, at sentencing, the Court will **vacate** the higher-numbered conviction—Count 12, Receipt of a Firearm by Person Under Indictment—and **merge** it into Count 11, Possession of a Firearm by a Convicted Felon.

### B. David Duggar

#### 1. Count 1: Conspiracy

Mr. Duggar argues that the evidence does not show that he was in anything more than a buyer-seller relationship with Jason Betts. Dkt. 1148 at 7–9. While Mr. Betts did not front methamphetamine to Mr. Duggar, *see* dkt. 1245 at 227:23–24, that is not dispositive. Instead, "sales of large quantities of drugs, repeated and/or standardized transactions, and a prolonged relationship between the parties are inherent characteristics indicative of a conspiracy rather than a buyer-seller relationship." *United States v. Maldonado*, 893 F.3d 480, 485 (7th Cir. 2018). And that's the case here—phone calls, text messages, and Mr. Betts's testimony shows a long-standing, repeated drug-trafficking relationship in which Mr. Betts would sell Mr. Duggar significant quantities of methamphetamine. *See, e.g.*, dkt. 1245 at 257:20–259:19; dkt. 1246 at 13:4–17:2, 27:14–35:2.

Additionally, Mr. Duggar sent Mr. Betts text messages requesting his help with assaulting people that weren't paying Mr. Duggar back. *See* dkt.

8

1247 at 60:6–62:13.  While Mr. Betts did not provide this type of assistance, *id.* at 73:15–22, this type of circumstantial evidence permits the inference that Mr. Duggar and Mr. Betts had more than a buyer-seller relationship.  Indeed, it shows a level of "mutual trust" and an "interlocking interest beyond individual buy-sell transactions" that supports a conspiracy conviction.  *See United States v. Zaragoza*, 543 F.3d 943, 947 (7th Cir. 2008); *United States v. Colon*, 549 F.3d 565, 568 (7th Cir. 2008) (noting that agreeing to help another's drug-trafficking efforts is evidence of a conspiracy).

In addition to the evidence of a conspiracy between Mr. Betts and Mr. Duggar, Kenneth Fielder testified that Mr. Duggar fronted him distribution-level quantities of methamphetamine for over a year.  *See* dkt. 1247 at 180:24–181:24, 184:9–185:13.  As noted earlier, the repeated fronting of distribution quantities of controlled substances is enough to support a conspiracy conviction.  *Stott*, 245 F.3d at 903; *Castro-Aguirre*, 983 F.3d at 940.  Thus, whether looking at the evidence related to the Duggar–Betts relationship or the Duggar–Fielder relationship, a reasonable jury could have found that Mr. Duggar conspired to distribute controlled substances.

### 2. Count 6: Distribution of 50 grams or more of Methamphetamine

Count 6 charged Mr. Duggar with distributing 50 grams or more of methamphetamine on or about May 5, 2021.  Dkt. 762 at 9–10.  At trial, Kenneth Fielder testified that he met Mr. Duggar in a hotel room on May 4–5, 2021.  Dkt. 1247 at 184:7–187:7.  Mr. Fielder said that he bought methamphetamine from Mr. Duggar during that meeting.  *Id.* at 184:18–185:1,

9

185:6–13, 186:9–25.  Moreover, the jury saw a police-surveillance video that showed Mr. Fielder arriving at the hotel where he said he met with Mr. Duggar, Mr. Fielder going inside the hotel, and then coming back out with a backpack. *See* Exs. 513, 515, 518.  Separate, independent evidence in the form of police officer testimony established that police pulled Mr. Fielder over after he left the hotel and found almost fifteen ounces of methamphetamine in his car.  Dkt. 1247 at 143:1–147:20; Exs. 522, 525, 1021.

Mr. Duggar contends it's "implausible" that Mr. Fielder obtained this methamphetamine from him.  Dkt. 1148 at 9–10.  He argues that, if the transaction happened the way Mr. Fielder said it did, Mr. Duggar would have taken a loss: the price per ounce that Mr. Fielder said he paid is less than what Mr. Duggar spent to buy the drugs in the first place.  *Id.*  But the Court "will set aside a jury's guilty verdict only if 'the record contains no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction."  *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009).  Given Mr. Fielder's testimony as corroborated by physical evidence, surveillance video, and police testimony, there was ample evidence supporting a conviction, so the Court will not overturn the jury verdict.

### 3. Count 10: Possession of a Firearm by a Convicted Felon

Mr. Duggar argues that there was insufficient evidence for the jury to find he knowingly possessed a firearm.  *See* dkt. 1148 at 10.  At trial, law enforcement officer testimony established that two firearms were recovered from a suitcase in Mr. Duggar's hotel room.  Dkt. 1247 at 231:24–234:4.  The

evidence included a photo of a suitcase next to a bed in Mr. Duggar's hotel room, which he shared with one other person. Ex. 851. Inside that suitcase were two firearms, which were admitted into evidence. Exs. 853–54; dkt. 1247 at 232:10–24. The jury also heard, from Kenneth Fielder, that Mr. Duggar often had firearms during drug deals. Dkt. 1247 at 183:13–17. Based on this evidence, a reasonable jury could—and here, did—find that Mr. Duggar had, at minimum, constructive possession of these firearms, since he had a substantial connection to the hotel room and motive to possess the guns. *See United States v. Macedo*, 371 F.3d 957, 966 (7th Cir. 2004) (finding that evidence of control over a motel room containing contraband may be sufficient to find constructive possession); *Davis*, 896 F.3d at 790.

## IV.
## Conclusion

Mr. Coley and Mr. Duggar's motions for judgment of acquittal, dkts. [1145], [1147], are **DENIED**. At sentencing, the Court will **vacate** Mr. Coley's conviction on Count 12 and **merge** it into the conviction on Count 11.

**SO ORDERED.**

Date: 5/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

United States Probation Office