UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cr-00193-JPH-MJD |
| RICK P. COLEY, | ) -07 |
| Defendant. | ) |

**ORDER ON CLAIM TO SEIZED PROPERTY**

Defendant Rick Coley was convicted in January 2023 of conspiracy to distribute controlled substances, possession with intent to distribute fentanyl, and possession of a firearm by a convicted felon. Dkt. 1152; dkt. 1375. During its investigation, the government seized property related to those charges, including a Raven Arms .25 caliber handgun and an Iberia Firearms .40 caliber pistol. *See* dkt. 1375 at 7. In July 2023, the Court ordered that Mr. Coley forfeited his interest in those firearms as part of the judgment in this case. *Id.*

The government received a third-party claim to those firearms in April 2023 from claimant William Mills. Dkt. 1441. Mr. Mills claimed that he is the innocent owner of the firearms and that they are registered in his name, though he lost the paperwork in a house fire. Dkt. 1441-1 at 5. The government has filed a motion to strike the claim, arguing that Mr. Mills's conclusory claim does not support ownership. Dkt. 1442; dkt. 1443. Mr. Mills did not respond.

1

Federal Rule of Criminal Procedure 32.2 allows third parties to file "a petition asserting an interest in the property to be forfeited" in a criminal case. Fed. R. Cr. P. 32.2(c)(1). If a petition is filed, it begins an "ancillary proceeding," which "closely resembles a civil action." *United States v. Furando*, 40 F.4th 567, 575 (7th Cir. 2022). The Court "may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Cr. P. 32.2(c)(1)(A). The petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). If it does not "allege . . . all elements necessary for recovery . . . the court may dismiss the petition without providing a hearing." *Furando*, 40 F.4th at 577.

Here, Mr. Mills alleges only that he's the "owner" of the firearms and that they are "in [his] name." Dkt. 1441-1. He provides no information about when or how he became the owner, as required by 21 U.S.C. § 853(n)(3). *See id.* And he did not respond with that information when the government requested it. *See* dkt. 1442-3; dkt. 1442-4; dkt. 1442-5. Asserting such a "'conclusory legal interest' falls short of meeting the requirements of § 853(n)(3)." *Furando*, 40 F.4th at 577 (quoting *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014)). So, "in the absence of facts or evidence showing the time and circumstances of a petitioner's acquisition of the right, title, or interest in the property, the Petition is deficient." *Id.*

2

While Mr. Mills's petition is deficient under 21 U.S.C. § 853(n)(3), claimants should generally have "the opportunity to amend their petition to provide information to satisfy § 853(n)(3) (if they have it)." *Furando*, 40 F.4th at 579. Mr. Mills therefore shall have **through March 15, 2024** to file an amended claim, under penalty of perjury, addressing the issues identified in this order. *See* 21 U.S.C. § 853(n)(3). If Mr. Mills responds with a complete petition, he will be required to respond to the government's discovery requests. *See* Fed. R. Cr. P. 32.2(c)(1)(B). If he does not respond, the government's motion to strike his claim will be granted.

**SO ORDERED.**

Date: 2/22/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

William Mills
1217 Rosner Dr.
Indianapolis, IN 46224

3